IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LIFE SPINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-07092 |
| | ) | |
| v. | ) | Hon. Mag. Young B. Kim |
| | ) | |
| AEGIS SPINE, INC., | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**AGREED MOTION TO REMOVE CERTAIN EXHIBITS FROM UNDER SEAL**

Pursuant to the Court's August 29, 2020 minute entry (Dkt. 120), Plaintiff Life Spine, Inc. ("Life Spine") respectfully moves the Court to remove the following exhibits to Life Spine's memorandum of law in support of its amended motion for preliminary injunction from under seal: Exhibits 9, 13, 19, 21, 25, 27, 30, 31, 32, 36, and 60. In support of this agreed motion, Life Spine states as follows:

1. On August 28, 2020, Life Spine filed its amended motion for preliminary injunction and supporting memorandum with the Court. (Dkts. 114, 115.) Life Spine's memorandum attached as exhibits certain documents produced by Life Spine, Aegis, and/or Aegis's parent company L&K Biomed Co., Ltd. ("L&K") that were designated as either CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY pursuant to the parties' Agreed Confidentiality Order (Dkt. 42). Because Life Spine commented on these documents extensively throughout its motion and memorandum, Life Spine filed the entirety of its motion and memorandum (and the designated exhibits themselves) provisionally under seal.

1

2.     The next day, the Court issued an order granting Life Spine's motion for leave to file its motion, memorandum, and select exhibits under seal. (Dkt. 120.) However, the Court asked the parties to confer to see whether they could agree on de-designating certain documents so that Life Spine could refile its motion, memorandum, and supporting exhibits on the public record to the extent possible. In the event the parties could not agree, the Court directed Life Spine to file a motion under seal requesting the de-designation of any disputed documents. (*Id.*)

3.     The parties consulted as directed. Upon considering Aegis's positions, Life Spine and Aegis agree that Exhibits 9, 13, 19, 21, 25, 27, 30, 31, 32, 36, and 60 to Life Spine's memorandum should be de-designated and removed from under seal.

4.     Life Spine does not contend that any documents maintained by Aegis as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY should be de-designated and removed from under seal.[1]

5.     Contemporaneous with this agreed motion, Life Spine refiles its motion and memorandum on the public record with confidential information redacted consistent with the parties' designations and agreements to de-designate.

WHEREFORE, for these reasons, Life Spine respectfully requests that the Court GRANT this agreed motion.

---

[1] Life Spine disagrees in some instances that these documents contain information that qualifies the document to be designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY. If need be, Life Spine will challenge these designations with Aegis pursuant to Section 10 of the Agreed Confidentiality Order and seek relief from the Court where necessary and appropriate.

DATED:  September 14, 2020	Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Jonathan C. Bunge*
Jonathan C. Bunge
Daniel R. Lombard
John M. Robinson
191 N. Wacker Dr., Suite 2700
Chicago, IL 60606-1881
Telephone: (312) 705-7400
Fax: (312) 705-7401
jonathanbunge@quinnemanuel.com
daniellombard@quinnemanuel.com
johnrobinson@quinnemanuel.com

*Attorneys for Plaintiff Life Spine, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2020, a copy of the foregoing motion was filed using the Court's CM/ECF system thereby serving all counsel of record.

*/s/ Jonathan C. Bunge*
Jonathan C. Bunge