## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **LIFE SPINE, INC.,** | ) | |
| | ) | **No. 19 CV 7092** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| **AEGIS SPINE, INC.,** | ) | |
| | ) | **May 2, 2022** |
| **Defendant.** | ) | |

### MEMORANDUM OPINION and ORDER

Plaintiff Life Spine, Inc. ("Life Spine") alleges that Defendant Aegis Spine, Inc. ("Aegis") stole confidential information and breached contractual obligations to develop and market a medical device that directly competes with one of Life Spine's spinal implant products. The case is nearing the end of fact discovery, during which Aegis moved to compel Life Spine to produce documents and information regarding third-party devices Life Spine examined. After the court largely denied that motion, Aegis asked the court to reconsider its ruling, which the court declined to do. Aegis now moves to unseal the briefs and underlying facts related to the same motions. For the following reasons, that motion is also denied:

### Background[1]

Life Spine is a medical device company that develops, manufactures, and markets surgical products, including a spinal implant device that uses an expandable cage called "ProLift." Aegis is a medical device company that markets

---

[1] In a prior opinion the court provided a more complete description of the allegations underlying this suit. (See R. 212.)

and sells medical devices to treat spinal conditions. Aegis's foreign parent company, L&K Biomed Co., Ltd. ("L&K"), is a South Korean company that manufactures and markets medical devices and competes with Life Spine. For several months in 2018, Aegis and Life Spine shared a distribution relationship in which Aegis sold ProLift. Life Spine alleges that Aegis worked with L&K to steal Life Spine's trade secret information regarding ProLift and developed a competing expandable cage implant device—the "AccelFix-XT"—in violation of Aegis's contractual obligations to Life Spine.

During fact discovery Aegis moved to compel Life Spine to produce documents and information related to third-party devices that Life Spine analyzed when developing ProLift. (R. 337, Def.'s Mot. to Compel; R. 340 (public version of same).) The court agreed with Life Spine that the scope of information sought by Aegis was unduly broad because Life Spine represented that it did not use any third-party products to develop ProLift. (R. 351.) The court denied the motion to compel, except to the extent that Life Spine was ordered to serve a formal response that it did not use any third-party devices in the development of the trade secrets at issue in this case. (Id.)

Aegis moved the court to reconsider its ruling, (R. 359, Def.'s Mot. to Reconsider; R. 363 (public version of same)), which the court denied, (R. 370). Aegis then filed a motion to unseal the non-public versions of those motions and the exhibits thereto. (R. 366, Def.'s Mot. to Unseal.) Aegis subsequently withdrew that motion because it hoped "continued discussions" with Life Spine would allow it to

"streamline[]" the motion "to better clarify the disputed issues." (R. 380, Def.'s Notice of Withdrawal of Mot. to Unseal.) Thereafter, Aegis filed the current motion, renewing its request to unseal its: (1) motion to compel, (R. 337); (2) motion for reconsideration, (R. 359); and (3) Exhibits E, (R. 337-5 (portions of Madeline Wolters's deposition transcript)), F, (R. 337-6 (Life Spine's September 2015 letter to FDA)), H, (R. 337-8 (Appendix I to Life Spine's FDA submission regarding ProLift)), and L, (R. 337-12 (June 2019 cover email and attached draft FDA submission)), to the motion to compel (collectively, "Subject Documents"). (R. 390, Def.'s Renewed Mot. at 2-3.) In Exhibit B to its renewed motion to unseal, Aegis includes redactions highlighted in light blue that it argues should now be unsealed.

## Analysis

Aegis seeks to unseal briefs and portions of exhibits that it says include neither trade secrets nor privileged information so that the public and its clients can review them. (R. 390, Def.'s Renewed Mot.) As the party seeking to keep the Subject Documents under seal, Life Spine must show good cause to shield the documents from public view. *See Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 566 (7th Cir. 2018) ("Because there is a 'strong presumption toward public disclosure of court files and documents,' courts resolving such motions have placed the burden on the party seeking confidentiality to show good cause for keeping the documents from public view." (Citation omitted)). As the Seventh Circuit has instructed, "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Labs.*,

297 F.3d 544, 546 (7th Cir. 2002). Nonetheless, "trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret." *Id.*

As such, this court must determine whether Life Spine has shown that the Subject Documents include "a trade secret or something comparable whose economic value depends on its secrecy." *Id.* at 547. Aegis argues that Life Spine has not because while certain information may have been designated as confidential during discovery, "[t]he public has a right to know what takes place in a case that is being litigated in court—a public institution." (R. 278 at 2 (citing *Bond v. Uteras*, 585 F.3d 1061, 1073-74 (7th Cir. 2009).) And as this court has previously explained, it "does not look favorably on indiscriminate, reflexive motions to seal the appellate record, but narrow, specific requests will be granted when based on articulated, reasonable concerns for confidentiality." (Id. (citing *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 734 (7th Cir. 2013) (quotations omitted)).)

Life Spine responds by pointing out that in filing the current motion Aegis took a "self-serving approach" by redacting its own confidential information it wanted to keep sealed, while asking the court to unseal Life Spine's confidential information. (R. 396, Pl.'s Resp. at 4.) Life Spine makes clear, however, that it is not challenging Aegis's designations. (Id.) In any event, Life Spine asserts that good cause exists to keep its confidential materials under seal. (Id. at 5-12.) For support it points to this court's—and the Seventh Circuit's—findings in this case

that certain information may be "protected from public access," (id. at 5 (citing R. 278 at 3)), specifically noting that the Seventh Circuit allowed the following to be filed under seal: "strategic goals in developing expandable spinal cages" and financial data relating to the same; "descriptions of the development process"; materials related to the FDA 510(k) clearance approval; measurements and drawings of the parties' spinal cages; and price, customer, business partner, and sales data, (id. at 5-6 (citing *Life Spine, Inc. v. Aegis Spine, Inc.*, No. 21-1649 (7th Cir. 2021) (App. Dkt. Nos. 18, 26, 27, 42))).

With these principles and arguments in mind and balancing the interests of the parties against the interests of the public, the court reviewed the highlighted portions of the Subject Documents to assess whether Life Spine has satisfied its burden to show that the Subject Documents should remain under seal. The court addresses each record in turn below.

## A. Motion to Compel

The renewed motion to unseal is denied as to Defendant's motion to compel, (R. 337). Life Spine opposes Aegis's renewed motion to unseal the highlighted portions of the motion to compel, arguing that such portions constitute: "quotations, summary, or discussion of [confidential] exhibits"; "quotation and discussion of testimony from the Preliminary Injunction Hearing" already under seal; and information from confidential exhibits that Aegis "cited in passing" that was not "relevant to adjudicating" the motion to compel. (R. 396, Pl.'s Resp. at 10-11 (quotations omitted).) Life Spine further asserts that, as to the last category of

documents, there is "no cause to unseal" discovery materials that are not relevant to the issues in the case. (Id. at 11 (citing *Padilla v. City of Chi.*, No. 06 CV 5462, 2013 WL 1285459, at *1 (N.D. Ill. March 27, 2013) (finding motion to unseal rendered moot where documents were not relevant to lawsuit)).) Aegis counters that the highlighted portions relate only to "*third-party* cages"—not to Life Spine's own trade secrets—and, as such, they cannot qualify for protection from public disclosure. (R. 390, Def.'s Renewed Mot. at 8-9.)

The court agrees with Life Spine that the highlighted portions of the motion to compel, (id. Ex. B at 1-17), may remain under seal and protected from public access. These portions represent private information relating to private research information, private product information, and/or private 510(k) submissions to the FDA for clearance of ProLift—each of which this court previously has permitted to be redacted. (See R. 212 at 16-17 (noting Life Spine considers its ProLift design process and testing to constitute confidential trade secrets because FDA does not disclose or publish 510(k) application information); R. 278 at 5, 8 (granting redactions of pages 601-02 and 1495-96 from Preliminary Injunction Hearing Transcript).) Moreover, because the court largely denied Aegis's motion to compel seeking such private information, Aegis's renewed motion to unseal these court records is rendered moot insofar as the disputed information is no longer relevant to

the issues in this case.[2]  *See Padilla*, 2013 WL 1285459, at *1.  The court's specific

rulings as to the disputed portions of Aegis's motion to compel are as follows:

| Page Nos. | Ruling |
|---|---|
| 2 & 5 | The motion is denied.  The court agrees with Life Spine that this information, which quotes or summarizes confidential deposition testimony, is private research information and the portions highlighted may remain under seal. |
| 3 & 6-9 | The motion is denied.  The court agrees with Life Spine that this information, which discusses Life Spine's confidential submissions to the FDA, is private research information and/or private product information and the portions highlighted may remain under seal. |
| 4 & 10-15 | The motion is denied.  The court agrees with Life Spine that this information is private research information and the portions highlighted may remain under seal. |

## B.    Motion for Reconsideration

The renewed motion to unseal is denied as to Defendant's motion for

reconsideration, (R. 359), for the same reasons set forth above.  Life Spine opposes

Aegis's renewed motion to unseal certain highlighted portions of the motion.  The

court rules as follows as to these disputed portions:

| Page Nos. | Ruling |
|---|---|
| 18-19 21-22 & 24 | The motion is denied.  The court agrees with Life Spine that this information is private research information and the portions highlighted may remain under seal. |
| 20 & 29 | The motion is denied.  The court agrees with Life Spine that this information, which in part summarizes confidential deposition testimony, is private research information and/or private product information and the portions highlighted may remain under seal. |
| 25-26 & 31 | The motion is denied.  The court agrees with Life Spine that this information, which in part discusses Life Spine's confidential |

---

[2]  The court appreciates Aegis's argument that Life Spine's redaction of a single word—a verb nonetheless—on page 12 of the motion to compel is overbroad. (R. 390, Def.'s Renewed Mot. at 4.)  That said, the court denies Aegis's motion as to this one word because the highlighted information is not relevant to the issues presented in this case.

| | |
|---|---|
| | submissions to the FDA, is private research information and the portions highlighted may be redacted. |
| 30 | The motion is denied. The court agrees with Life Spine that this information, which in part summarizes confidential deposition testimony and Life Spine's confidential submissions to the FDA, is private research information and/or private product information and the portions highlighted may be redacted. |

## C.    Exhibit E to Motion to Compel

The renewed motion to unseal is denied as to Exhibit E to the motion to compel, (R. 337-5), which includes portions of Wolters's September 5, 2020 deposition transcript. Wolters is a former Life Spine employee who oversaw the development and engineering of Life Spine's ProLift device. (R. 396, Pl.'s Resp. at 6.) Life Spine opposes Aegis's renewed motion to unseal the highlighted portions of Wolters's deposition transcript. The court agrees with Life Spine that this information is private research information and/or private product information. Aegis suggests that Life Spine "tacitly acknowledged" the public nature of Wolters's testimony when it mentioned certain third-party products in a declaration filed on the public docket in this case. (R. 390, Def.'s Renewed Mot. at 9.) But Aegis does not develop this argument—or suggest that Life Spine has waived its confidentiality as to Wolters's testimony. As such, Aegis forfeits this argument. *See United States v. Sheth* (7th Cir. 2017) ("A party forfeits an argument . . . by raising it in a perfunctory or general manner.").

## D.    Other Exhibits to Motion to Compel

The renewed motion to unseal is denied as to Exhibits F, H, and L to the motion to compel, (R. 337-6; R. 337-8; R. 337-12), which include Life Spine's

September 4, 2015 letter to the FDA, the appendix to the FDA in support of its 510(k) application, and a June 6, 2019 cover email from Wolters to Angela Batker, Randy Lewis, and Garrett Lauf attaching a draft submission to the FDA regarding ProLift.  Life Spine submitted these materials in support of its 510(k) application. (R. 396, Pl.'s Resp. at 7.)  The court therefore agrees with Life Spine that these exhibits, which include Life Spine's confidential submission to the FDA, is private research information and/or private product information that they may remain under seal.

## Conclusion

For the foregoing reasons, Aegis's renewed motion to unseal is denied.  To the extent the parties have agreed to unseal other portions of the Subject Documents, Aegis must file amended public versions of those documents.

ENTER:

Young B. Kim
United States Magistrate Judge