UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LIFE SPINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-07092 |
| | ) | |
| v. | ) | Hon. Mag. Young B. Kim |
| | ) | |
| AEGIS SPINE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JONES DAY'S MOTION TO WITHDRAW AS COUNSEL**

Jones Day regretfully seeks permission to withdraw as counsel for Aegis, pursuant to Illinois Rule of Professional Conduct 1.16(b)(5) and 1.16(c). Despite multiple efforts over a period of months to resolve this matter with Aegis, issues remain that cannot be resolved. Jones Day as a result finds itself faced with professional considerations that require termination of the representation pursuant to Rule 1.16(b) and it therefore seeks permission to withdraw as set forth in Rule 1.16(c). Rule 1.16 and comment [3]. Jones Day sought earnestly to resolve the matter with Aegis, explaining that it may become necessary to seek to withdraw in the event the matter could not be resolved. Jones Day continued to work as recently as last night to try to resolve it, but has now reluctantly concluded that no option exists but to withdraw.

Despite the unresolved matter between Jones Day and Aegis, Jones Day put in the considerable work to complete the record through fact and expert discovery, as well as extensive summary judgment and *Daubert* motions from both sides. The briefing on those motions is closed; the matters are before the Court for consideration. No trial date has been set, and Jones Day seeks to withdraw prior to the setting of any trial date. The matter is now in a position where it can be

1

transitioned to alternative counsel effectively and with minimal disruption and before the Court has set a trial date.

Jones Day assures the Court that this motion is brought in good faith and without any purpose of delay. In bringing this motion, Jones Day is mindful of its obligation not to "reveal information relating to the representation" of Aegis in the absence of Aegis's consent. Rule 1.6(a). Jones Day therefore does not disclose the details that have unfortunately led to the filing of this motion. *See also* Rule 1.16 comment [3] (permitting counsel to explain that "professional considerations require termination of the representation"). Jones Day remains prepared to discuss with the Court a way to provide whatever further information the Court may require in a way that is consistent with Rules 1.6 and 1.16.

For these reasons, Jones Day respectfully requests leave under Local Rule 83.17 to withdraw as counsel of record for Aegis in this matter.

## Background

On March 15, 2021, the Court granted Life Spine's Motion for a Preliminary Injunction, ordering Aegis to cease sales of the AccelFix-XT expandable spinal implant. Dkt. 213. Jones Day was retained shortly after the preliminary injunction was entered, and has represented the defendant through the fact discovery, expert discovery, and dispositive motion phases of the case.

As required by Illinois Rule of Professional Conduct 1.16, Jones Day has worked for several months to resolve the issues leading to this motion to no avail, and has given notice to Aegis of the reasons leading Jones Day to file this Motion.

## Argument

Local Rule 83.17 provides that an attorney who has appeared on behalf of a party may withdraw after obtaining leave of the Court. Mindful of its obligations under Rule 1.6, Jones Day

will not disclose the exact details of the circumstances leading to the filing of this motion, unless ordered to do so by the Court. *See* Rule. 1.6(b)(6).

Jones Day's withdrawal at this time is appropriate. Jones Day complied with its obligations under Illinois Rule of Professional Conduct 1.16 to give notice to Aegis regarding Jones Day's need to withdraw. There will be no material adverse effect on Aegis' interests if Jones Day is permitted to withdraw. Fact and expert discovery are now complete, and the parties' cross-motions for summary judgement and *Daubert* challenges were fully briefed. Those matters are now before the Court for decision, and no dates for pre-trial submissions or trial have been set. There is ample time for Aegis to retain alternate counsel to complete the work that remains, and Jones Day would of course work with Aegis' new counsel to transition the matter effectively and with minimal disruption.

## Conclusion

For the above stated reasons, Jones Day respectfully requests the Court grant this Motion, and allow Jones Day to withdraw as counsel of record in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: December 22, 2022 | By: /s/ Jason G. Winchester<br>Jason G. Winchester (#6238377)<br>Rita J. Yoon (#6298019)<br>Christopher A. Hall (#6316715)<br>JONES DAY<br>77 W Wacker Dr., Suite 3500<br>Chicago, IL 60601<br>(312) 269-4373<br>jgwinchester@jonesday.com<br>ryoon@jonesday.com<br>chall@jonesday.com<br><br>Gregory A. Castanias*<br>JONES DAY<br>51 Louisiana Ave., N.W.<br>Washington, DC 20001<br>(202) 879-3939<br>gcastanias@jonesday.com<br><br>Stuart W. Yothers*<br>JONES DAY<br>250 Vesey Street<br>New York, NY 10281<br>(212) 326-3939<br>syothers@jonesday.com<br><br>Nicholas J. Bagnolo*<br>JONES DAY<br>901 Lakeside Ave E<br>Cleveland, OH 44114<br>(216) 586-7046<br>nbagnolo@jonesday.com<br><br>***Counsel for Aegis Spine, Inc.***<br>*Admitted pro hac vice |